UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GREGORY WATKINS ET AL | CIVIL ACTION NO. 26-cv-2963 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CRESCENT CARGO INC ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Gregory Watkins and Demetria McGee ("Plaintiffs") filed this civil action against Crescent Cargo, Inc., Mominov Bobirzhan, and National Specialty Insurance Company. The defendants removed the case based on an assertion of diversity jurisdiction. The defendants filed a Diversity Jurisdiction Disclosure Statement (Doc. 7) that acknowledged that Plaintiffs and National Specialty appear to share Texas citizenship, which would destroy diversity, but the defendants asserted that the citizenship of National Specialty should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). The court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiffs contest the assertion that National Specialty was improperly joined, they must file a motion to remand, supported by a memorandum, by **September 21, 2026** and explain why there is a reasonable basis to predict that state law would allow Plaintiffs to recover against National Specialty. If Plaintiffs timely file a motion to remand, it will be noticed for briefing so that the defendants can respond and attempt to meet their burden on

the improper joinder issue. If Plaintiffs do not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiffs to concede the point, National Specialty will be dismissed, and the case will proceed toward a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of August, 2026.

**Mark L. Hornsby**
**U.S. Magistrate Judge**